UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RISO, INC., a Massachusetts corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WITT COMPANY, an Oregon corporation,<br><br>        Defendant. | Case No. CV 13-09351 DDP (JCGx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ARBITRATION**<br><br>[Dkt. No. 6] |

Presently before the court is Defendant Witt Company ("Witt")'s Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 6.) Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following order.

**I.   Background**

RISO manufactures and distributes printing and duplicating hardware and supplies. (Complaint, Ex 3. at 3.) Witt is a seller of office technology products and related services, including Riso duplicators. (Id.) Witt has been an authorized dealer of products since approximately 1988. (Id.)

On April 1, 2011, the parties entered into an Asset Purchase Agreement ("the Agreement"), under which Witt acquired seven of RISO's markets in California and Arizona. (Id. at 4.) The Agreement included an arbitration provision, which states, in relevant part, "Except as provided in subsection (iii), any controversy or claims arising out of or relating to this Agreement shall be determined exclusively by binding arbitration . . . ." (Agreement § 9.3, Compl. Ex. 5 at 34.) Subsection (iii) states:

> Notwithstanding the binding arbitration provision of this section 9.3, in the event of a breach, either Party shall have the right to bring an action in any court of competent jurisdiction for injunctive relief or remedy. The filing of any such action or remedy will not waive [RISO]'s or [Witt]'s right to compel arbitration under this Section for other matters that are not the subject of such action or remedy.

(Id.)

Subsequent to the execution of the Agreement, the parties unsuccessfully attempted to negotiate a new Dealer Agreement. (RISO I at 4.) Absent a new Dealer Agreement, and the Agreement notwithstanding, RISO threatened to stop selling its products and services to Witt after March 13, 2013. (Id., Compl. ¶¶ 10-11.)

On January 29, 2013, Witt filed a complaint ("the Oregon action") against RISO in the United States District Court for the District of Oregon. (Compl. ¶ 9.) Witt alleged that under the Agreement, RISO was obligated to do business with Witt until April 2014. See Witt Co. v. RISO, Inc., 948 F.Supp.2d 1227, 1245 (D. Or. 2013). Witt therefore brought causes of action against RISO for breach of the Agreement and breach of the duty of good faith and

2

fair dealing.[1] (Id.) Witt sought injunctive relief preventing RISO from terminating Witt's authorized dealer status. (Compl., Ex. 1 at 20.) Witt also sought "all damages suffered by Witt company as a result of RISO's conduct . . . ." (Id.)

RISO moved to dismiss Witt's claims under Federal Rule of Civil Procedure 12(b)(6). Witt, 948 F.Supp.2d at 1246. On June 7, 2013, the Oregon court granted RISO's motion and dismissed Witt's contract claims with prejudice. Witt, 948 F.Supp.2d at 1247-8.

On October 11, 2013, Witt filed a Demand for Arbitration before the American Arbitration Association, asserting claims for breach of the Agreement with respect to certain bonus payments and fraud in the inducement of the Agreement. (Compl., Ex. 5.) Witt's fraud in the inducement claim seeks rescission of the Agreement on the ground that Witt allegedly would not have entered into the Agreement had it known that RISO would not negotiate the terms of the Dealer Agreement in good faith and that RISO would terminate Witt's rights to sell RISO products in May of 2013. (Id. ¶ 22-28.)

On December 19, 2013, RISO filed the instant declaratory judgment action in this court. RISO seeks a declaratory judgment that Witt waived its rights to arbitrate the fraudulent inducement claim and is barred by res judicata, or collaterally estopped, from arbitrating the fraudulent inducement claim as a result of the Oregon action.[2]

---

[1] Witt also brought antitrust and intentional interference with economic relations claims which, the parties appear to agree, are not relevant here, as they did not arise out of or in connection with the Agreement.

[2] RISO does not contend that Witt waived its right to arbitrate the breach of contract claim.

3

1  Witt now moves to compel arbitration of RISO's declaratory
2 judgment action and dismiss the Complaint.

## II. Legal Standard

Although the instant Motion is styled as a Motion to Dismiss, it is in effect a motion to compel RISO to arbitrate its declaratory judgment action. Accordingly, the motion is appropriately construed as a motion to compel arbitration.

The Federal Arbitration Act ("FAA") reflects a "federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). Under the FAA, 9 U.S.C. § 1 et seq., a written agreement that controversies between the parties shall be settled by arbitration is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

A party aggrieved by the refusal of another to arbitrate under a written arbitration agreement may petition the court for an order directing that arbitration proceed as provided for in the agreement. 9 U.S.C. § 4; see e.g. Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519, 1526-27 (1997). In considering a motion to compel arbitration, the court must determine whether there is a duty to arbitrate the controversy, and "this determination necessarily requires the court to examine and, to a limited extent, construe the underlying agreement." Stirlen, 51 Cal.App.4th at 1527. The determination of the validity of an arbitration clause is solely a judicial function. Id. (internal citation omitted). If the court is satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not at issue, the court

4

shall order the parties to proceed to arbitration in accordance with the terms of the agreement. 9 U.S.C. § 3.

**III. Discussion**

    A.  Whether This Court Or The Arbitrator Should Decide Waiver

    A key issue in this case, and in this motion, is whether Witt waived its right to arbitrate its fraudulent inducement claim by filing the Oregon action. Witt first argues that the waiver question must be addressed by the arbitrator, and not by this court.

    In Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002), the Supreme Court explained that "questions of arbitrability," such as what parties are bound by an arbitration agreement or the application of an agreement to particular controversy, should generally be decided by a court. Howsam, 537 U.S. at 84. Procedural questions, on the other hand, are presumptively for an arbitrator to decide. Id. Such procedural questions include allegations of waiver. Id.

    Several circuits, however, have interpreted "Howsam's use of the term 'waiver' as referring not to conduct-based waiver, but to a defense arising from non-compliance with contractual conditions precedent to arbitration." Grigsby & Assoc., Inc. v. M. Securities Investment, 664 F.3d 1350, 1353 (11th Cir. 2011) (internal quotation and citations omitted); see also JPD, Inc. v. Chronimed Holdings, Inc., 539 F.3d 388, 393–94 (6th Cir.2008); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 217–19 (3d Cir.2007); Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 12–14 (1st Cir.2005); In re Toyota Motor Corp. Prods. Liability Litigation; 838 F.Supp.2d 967 (C.D. Cal. 2012). Thus, these courts have concluded that

5

waiver remains a court issue insofar as it is premised upon the conduct of the party seeking to arbitrate. See In re Toyota, 838 F.Supp.3d at 975 (discussing cases); but see Nat'l Am. Ins. Co. V. Transamerica Occidental Life Ins. Co., 328 F.3d 462, 466 (8th Cir. 2003) (holding conduct-based waiver to be an issue for an arbitrator). The Ninth Circuit has implicitly agreed with this approach to Howsam, noting that "to treat breach and waiver as procedural issues for the arbitrator . . . would create a strange result: the arbitrator would get first crack at defenses to a motion to compel arbitration based on waiver or breach. In essence, the court would have to compel arbitration without reviewing the parties' contentions." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1121 n.5 (9th Cir. 2008). It is, therefore, for this court to decide whether Witt's litigation conduct in Oregon constitutes a waiver of its right to arbitrate the fraudulent inducement claim.[3]

    B.   Whether Witt Waived Its Right To Arbitrate

"To demonstrate waiver of the right to arbitrate, a party must show: '(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" In re Toyota, 838 F.Supp.3d at 976 (citing United States v. Park Place Assoc., Ltd., 563 F.3d 907, 921 (9th Cir. 2009)).

---

[3] Were Witt correct in its assertion that conduct constituting waiver must occur before the same court deciding waiver (Reply at 4), the Oregon court, not the arbitrator, would be the proper decision maker. Neither party has sought to transfer this case to the District of Oregon.

1    Here, Witt does not dispute that it had knowledge of its right
2 to compel arbitration at the time it filed the Oregon action.
3 Indeed, Witt pursued that right soon after its claims in the Oregon
4 action were dismissed. Witt primarily argues, rather, that its
5 actions in the Oregon action were not inconsistent with its
6 arbitration rights.
7    The Agreement's arbitration provision states that "either
8 Party shall have the right to bring an action in any court of
9 competent jurisdiction <u>for injunctive relief or remedy</u>. The filing
10 of any <u>such action or remedy</u> will not waive [RISO]'s or [Witt]'s
11 right to compel arbitration." (Agreement § 9.3(iii) (emphases
12 added). As relevant here, Witt's Oregon complaint sought
13 injunctive relief on Witt's causes of action for breach of contract
14 and breach of the duty of covenant of good faith and fair dealing.
15 Witt also, however, sought "all damages suffered by Witt company as
16 a result of RISO's conduct . . . ."
17    Witt argues that it "primarily sought to enjoin RISO from
18 terminating Witt [] as an authorized dealer." (Reply at 7.) Witt
19 further argues that the Agreement does not prohibit parties from
20 seeking damages that are "incidental, or in addition to, a claim
21 for injunctive relief." <u>Id.</u> Witt's argument conflicts with the
22 plain language of the agreement. The Agreement states that all
23 Agreement-related claims, other than those carved out by subsection
24 (iii), must be arbitrated. Subsection (iii) carves out only
25 actions for injunctive relief or remedy. Nothing in the language
26 of the Agreement suggests that either party may litigate other
27 claims "in addition to" permissible injunctive relief claims. Witt
28 does not dispute RISO's repeated assertions that the damages sought

7

in the Oregon action numbered in the millions of dollars. (Opp. at 1, 4, 5, 10.) Such damages can hardly be considered "incidental" to Witt's injunctive relief claims. Witt's pursuit of millions of dollars in damages was inconsistent with its obligation to arbitrate all claims other than those for injunctive relief.

Though Witt does not expressly address the effect of its actions on RISO, Witt's attempt to take the two bites at the apple has prejudiced RISO. First, Witt ignored the mandatory language of the arbitration provision and forced RISO to defend against claims for millions of dollars in damages in federal court. Only after RISO prevailed, and once Witt's claims were dismissed with prejudice, did Witt then attempt to unring the bell and pursue arbitration. Notably, Witt did not seek to rescind the Agreement, as it does now in the arbitration action, but rather to enforce its reading of it. Had Witt prevailed, obtained injunctive relief, and recovered its damages, it almost certainly would not have sought to rescind the Agreement in arbitration. As a result of Witt's inconsistent actions, which appear to be motivated in substantial part by Witt's defeat in the Oregon action, RISO has not only been forced to defend the Oregon action in court rather than in arbitration, but now must either also defend against the arbitration claim or prevail in this affirmative suit.

Witt's decision to seek millions of dollars in damages in federal court, contrary to the mandatory arbitration provision of the Agreement, cannot be reconciled with its current attempt to rescind the Agreement through arbitration proceedings.[4] Witt's

---

[4] Witt contends that the Oregon action could not preclude
(continued...)

8

earlier conduct in the Oregon action, which has prejudiced RISO, constitutes waiver of Witt's right to arbitrate its fraudulent inducement claim.

**IV. Conclusion**

For the reasons stated above, Witt's Motion to Compel Arbitration is DENIED.[5]

IT IS SO ORDERED.

Dated: September 16, 2014

DEAN D. PREGERSON
United States District Judge

---

[4](...continued)
arbitration of Witt's fraudulent inducement claim because Section III of the Agreement states that the filing of an injunctive relief action does not operate as a waiver of other, arbitrable claims. As described above, however, the Oregon action sought both injunctive relief and significant monetary damages.

[5] Though the parties devote much of their attention to res judicata issues, which form the core of RISO's affirmative claim for declaratory relief, such issues are not necessary to the disposition of the instant motion. The court, therefore, does not address those ultimate issues here.

9